[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: DECEMBER 12, 1994 DATE OF APPLICATION: DECEMBER 12, 1994 DATE APPLICATION FILED: DECEMBER 14, 1994 DATE OF DECISION: FEBRUARY 27, 2001
Application for review of sentence imposed by the Superior Court, Judicial District of Middlesex at Middletown.
Docket No. CR94-121270.
William Paetzold, Esq. for the Petitioner.
Timothy Liston, Esq. for the State of Connecticut.
BY THE DIVISION
The petitioner was convicted by jury of Burglary 1st in violation of Conn. Gen. Statute Sec. 53a-101 (a)(1) and Felony Murder in violation of Conn. Gen. Statute Sec. 53a-54c. The court imposed a sentence of twenty years to serve on the burglary conviction and life in prison on the felony murder conviction. The court imposed them concurrently for a total effective sentence of life in prison.
The record shows that the Portland Police found a 19-year old victim shot to death in his apartment. Investigation found that the killing was gang related to avenge the beating of the petitioner.
At the hearing counsel for the petitioner argued that the sentence imposed was excessive in that the petitioner was only seventeen years old at the time of the crime. He noted further that the petitioner came from a troubled home and that his mother was a drug addict. Counsel indicated that the petitioner dropped out of school at the eighth grade level and he was recruited by the Los Solidos. Counsel also felt that the sentencing court did not give enough consideration to the information in the presentence report. He asked the panel for a reduction of the CT Page 4748 sentence.
Petitioner when he addressed the panel admitted his wrongdoing and apologized to the family of the victim.
The attorney for the State noted that the actions of the petitioner not only endangered the victim but other citizens were in the line of fire when the shooting took place. Counsel also informed the panel that the petitioner was on supervised home release at the time of the crime and that the petitioner showed no remorse for the crime. He indicated that the killing devastated the victim's family and they asked the court to impose justice firmly. Counsel felt the sentencing court heeded that request and asked for an affirmance.
In reviewing the record the remarks of the sentencing court are important:
 "Anyone . . . had to know, had to know what they were doing was absolutely wrong and evil. There was no one . . . that could possibly be misled to thinking it was otherwise. We hear more and more about gang violence. . ."
When reviewing the facts we see that a cold blooded murder took place with violence and a reckless disregard for life of the victim and those who by happenstance were in the vicinity.
Pursuant to Connecticut Practice Book Sec. 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book Sec. 43-23 et seq., and Connecticut General Statutes Sec. 51-49 et seq.
In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book Sec. 43-23 et seq.
The sentence imposed was neither inappropriate nor disproportionate.
THIS SENTENCE IS AFFIRMED. CT Page 4749
NORKO, J.
KLACZAK, J.
MIANO, J.
Judges Miano, Klaczak, and Norko participated in this decision.